# IN RE FRENCH.

PATENTS; PRODUCT CLAIMS; NOVELTY.

1. A product claim for a stock food in a comminuted form, incorporating all the nutritious parts of a food plant which can be conveniently harvested, is not patentable, being anticipated by an Austrian patent disclosing a cattle food consisting of an entire plant, comminuted and dried.

2. One whose product claims disclose a stock food consisting of the entire Indian corn plant comminuted and dried imparts nothing patentably new by including with the stalk the ears of corn thereon, as it is a matter of expedience rather than invention to let the ears go with the stalk, which was previously used for that purpose.

No. 724. Patent Appeals. Submitted November 11, 1912. Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting a series of product claims in an application for a patent.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Jos. R. Edson* for the appellant.

*Mr. R. F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents refusing a series of product claims, a series of process claims having been allowed.

The following are representative of the five disallowed claims :

"1. A stock food in a comminuted form, incorporating all the nutritious parts of a food plant which can be conveniently harvested."

"4. A food product, substantially such as described, comprising the stalk with its enveloping husk and its inside pulp, the tassel, the leaf, the kernel, and its enveloping husk, the cob and the silk enveloping the kernel of the Indian corn plant, in a comminuted and desiccated form."

The primary examiner disallowed both the process and product claims. The examiners in Chief concluded that inasmuch as none of the references showed the process of first *shredding* the plant and then grinding it to a comminuted form, the process claims were patentable. The majority of the Board sustained the view of the examiner that the product claims contained nothing new over the prior art. A British patent, 10,-721, of 1900, contains a claim for " a process of manufacturing a food for cattle, consisting in grinding stalks of corn in natural condition, substantially as described." The Austrian patent to Heking, 5,585, October 25, 1901, discloses a cattle food consisting of an entire plant, comminuted and dried. Count 1 of appellant's claims is not limited to the Indian corn plant, and would therefore read upon the Austrian patent. But, apart from that, we agree with the Patent Office tribunals that appellant has imparted nothing patentably new by including in his other claims the entire stalk, with the ears of corn thereon. Manifestly it required no invention to let the ears go with the stalk. The question was one of expediency.      *Affirmed.*